UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

**RK'S MOM, individually and**
**as parent and legal Guardian of**
**RK, a minor,**

Plaintiff,

v.

**THE SCHOOL BOARD OF**
**PALM BEACH COUNTY, FLORIDA and**
**CHRISTOPHER BARKER**, individually

Defendants.

_____/

## COMPLAINT

COMES NOW, Plaintiff RK'S MOM individually, and as next best friend to RK, her

minor child, and hereby files this her Complaint and alleges, as follows:

## INTRODUCTION

This is an action for compensatory and punitive damages (against BARKER). This

lawsuit also seeks compensatory damages against Defendant THE SCHOOL BOARD OF

PALM BEACH COUNTY, (SBPBC), which, through its employees, officials, management,

and elected Board, subjected or allowed to be subjected a child with severe disabilities to a

vicious assault and battery by defendant BARKER.

Plaintiff brings this action for violation of RK's rights and privileges guaranteed by the

Fourth and Fourteen Amendment to the United States Constitution, for violation of the

Americans with Disabilities Act, violation of Section 504 of the Rehabilitation Act of 1973, and

asserts Florida state common law claims of negligence against SBPBC and BARKER; along

with intentional tort claims against BARKER. This complaint also seeks damages against both

Defendants for violation of Florida's Bill of Rights of Persons with Developmental Disabilities (F.S. 393.13).

## JURISDICTION AND VENUE

1.      This Court has jurisdiction of this action and the claims set forth herein pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. In particular, this action asserts federal questions under 42 U.S.C. §1983, 29 U.S.C. §794 (Section 504); 42 U.S.C. §1985; and §1003.57 Fla. Stat; Title II of 42 U.S.C. § 12132 *et seq.* (ADA);

2.      Jurisdiction is conferred upon this court pursuant to 20 U.S.C. §1415(i)(2)(A), 28 U.S.C. §1391(b); and 28 U.S.C. §1331 without regard to the amount in controversy. This court has jurisdiction to issue declaratory relief pursuant to 28 U.S.C. §§2201 and 2202. Plaintiff invokes this Court's supplemental jurisdiction of Florida state law claims pursuant to 28 U.S.C. §1367.

3.      This Court has venue of this action pursuant to 28 U.S.C. §1391(b), as the Defendants reside in this District and all of the events or omissions giving rise to these claims occurred here.

## THE PARTIES

4.      At all times relevant herein, Plaintiff RK'S MOM is the mother of RK. Both are residents of Palm Beach County, Florida and are citizens of the United States of America. RK'S MOM and RK are not expressly named herein by their given names, or further identified by their actual addresses within this district, because of the privacy guarantees provided in the Individuals with Disabilities Educational Act, 20 U.S.C. §1400 et seq. ("IDEA"), as well as in the Family Educational Rights Privacy Act, 20 U.S.C. §1232(g) and 34 C.F.R. §99 ("FERPA"). Additionally, because this lawsuit seeks damages on behalf of a disabled minor, his name and any other identifying information is being kept from public eye due to the sensitive nature of his

disabilities. In order to enforce her rights and the rights of her son, she has been forced to retain the services of undersigned counsel and has agreed to pay them a reasonable fee for their services, along with costs incurred.

5.      Plaintiff RK, a minor child, has been diagnosed with: Autism Spectrum Disorder; Attention Deficit Hyperactivity Disorder; and Pervasive Developmental Disorder, not otherwise specified. He is attending schools owned/controlled/run by SBPBC and partially funded by the United States of America. The nature of his disabilities results in emotional, behavioral, and physical acting out behavior such that RK does not know right from wrong, frequently does not follow instructions, and causes disruptions and/or other behaviors that are characteristic of children with these disabilities. The SBPBC has acknowledged these disabilities through the implementation of a federally mandated Individual Education Plan. (IEP) On February 24, 2015, RK was being transported in a school bus from the middle school he attended to another middle school that provides an aftercare program for children with disabilities.

6.      Defendant SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA, (hereinafter "SBPBC"), is a public entity governing the School District of Palm Beach County, Florida, created pursuant to Fla. Stat. §1001.42 (2017). Defendant also receives federal funding for providing services to its students.

7.      At all material times, Christopher BARKER (BARKER) was an employee of Defendant SBPBC; having been employed for slightly over a one-year period prior to February 24, 2015. On this date, he was assigned to the bus transporting RK to an aftercare program for children with disabilities.

8.      At all material times, nonparty bus driver Burns (Burns) was an employee of SBPBC. He was the driver of the bus that the incident involving BARKER occurred in.

As the driver of this bus, Burns was ultimately responsible for the safety of his passengers and had supervisory control over BARKER.

9.     Burns had the power and the responsibility to protect RK's safety, but failed to do so.

10.     At all relevant times herein, each of BARKER and Burns were acting as employees of Defendant SBPBC and under the color of Florida or Federal law.

11.     Both Defendants knew or should have known that their acts or omissions would violate clearly established rights or privileges of RK under the Fourth and Fourteen Amendments to the United States Constitution in addition to the ADA, Section 504 and Florida statutes and common law.

## RK's DISABILITIES

12.     RK is a child with disabilities as defined in the IDEA. the ADA, Section 504, and Florida's Civil Rights Act.

13.     At all times herein, RK was enrolled as a student within the public schools controlled and operated by the SBPBC. Early in his education the SBPBC labeled RK as being as "educable mentally handicapped."

14.     RK suffers from the physical and mental disabilities identified in prior paragraphs. RK's disabilities present problems with communication, expressive language and prohibits him from communicating clearly. Children that have the diagnosed disabilities that RK has often exhibit social isolation, eccentric behavior and often impaired speech and language development.

15.     RK's sensory, anxiety, phobia's, aggression (or other behaviors), and increased obsessive compulsive disorder were foreseeable and proximately caused by the after effects of

the assault and battery committed by BARKER and the subsequent second incident on November 30, 2016.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16.     The IDEA provides:

> [n]othing in this Chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. §12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C. §790 et seq.], or other federal laws protecting the rights of children with disabilities, except that before filing a civil action under the laws seeking relief that is also available under this subchapter, the procedure under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.
> 20 U.S.C. §1415(1).

This provision makes clear that the IDEA is not the exclusive avenue through which children with disabilities can assert claims to redress harms that occur in an educational setting.

17.     Any administrative proceedings would be futile and/or inadequate in light of the fact the complaint seeks remedies that are unavailable could not be addressed by any amount of compensatory education services.

18.     RK'S MOM and RK filed a Florida statutory sovereign immunity waiver notice of claim with Defendant SBPBC and the Florida Department of Financial Services pursuant to Florida Statute §768.28 (6) on or about March 8, 2016.

## WAIVER OF IMMUNITY

19.     Defendant SBPBC has waived immunity under Section 504, *see* 29 U.S.C. §794; 42 U.S.C. §2000d-7, by accepting federal funds.

20.     Similarly, Congress has abrogated any immunity that Defendant SBPBC might have enjoyed under the ADA, or has waived such immunity. *See Tennessee v. Lane,* 541 U.S. 509, 533-34 (2004).

21.     The harm to RK as a result of the actions by BARKER was caused or allowed to happen by SBPBC's willful conduct, gross negligence, reckless misconduct, or a conscious flagrant indifference to RK's rights.  All of the defendants knew or should have known that children with the disabilities that RK had are difficult to control and it is necessary for   bus drivers and bus aides to have sufficient training to be able to deal with children that have disabilities.

## FACTUAL ALLEGATIONS

22.     Pursuant to an Individual Education Program ("IEP"), Defendant SBPBC placed RK in a classroom where he received special education and related services since his initial enrollment. In addition to the special classroom assignment, he was placed in an aftercare program at a different middle school then he attended at the time of the BARKER incident. In accordance with policies and procedures set up by SBPBC, RK was assigned to a bus used exclusively to transport disabled children.

23.     On February 24, 2015 RK had an IEP plan such that SBPBC was on notice of RK's disabilities and behavioral problems. In fact, the IEP plan in existence at this time placed or should have placed all defendants on notice of the tendency of RK to engage in behavior that might be objectionable by an employee without specific training for interacting with children with such disabilities.

24.     At all material times, Defendant SBPBC has a policy and/or procedure in which all employees are required to attend programs known as PCM and VITAL.   Upon information and belief, these programs were to be attended yearly and covered topics such as the transportation of students with disabilities and the management of such students' conduct.  The yearly training also went over the SBPBC "Transportation Handbook" which states in part: "*...the bus driver or bus attendant does not have the authority to strike or hit a student or to retaliate if struck or hit, but*

*does have the right to reasonably protect harm to him/herself"* This annual training also addressed the PBCB's Code of Ethics policy. Section 3.02 specifically defines unethical conduct as including committing any act of child abuse, including any physical or verbal abuse, committing any act of cruelty to children or any act of child endangerment; and engaging in misconduct that affects the health, safety, and welfare of a student.

25.     On February 24, 2015, despite having been employed for over a year, BARKER had never taken these classes or received training on how to deal with stressful situations and particularly dealing with children with disabilities.

26.     At all material times, SBPBC had a policy and/or procedure in which bus drivers and bus aides assigned to buses containing children with disabilities would be provided a written list of the children assigned to a particular bus. This list also provided a description of the nature of the children's disabilities. This policy is to ensure that employees who interact with children with disabilities are aware of such disabilities and can make inquiry about how to interact with them, giving due consideration for each child's IEP. On February 24, 2015, SBPBC either did not provide the list to BARKER or, if SBPBC did provide the list to Burns, Burns did not pass it on or give it to BARKER.

27.     On February 24, 2015 RK was a passenger on the bus being driven by Burns, in which BARKER was the assigned school bus aide. The school bus video depicts the following occurring while Burns is driving the bus and BARKER is in the bus as the school bus aide:

RK is seated towards the back of the bus. RK is acting characteristically for a child with disabilities such as he has. BARKER moves to sit next to RK. BARKER forcefully grabs the back of RK's neck with such force that RK's neck and body move forward. RK is crying out in pain.

Every time RK begins to speak or scream, BARKER puts more pressure on RK's neck.  RK grimaces in pain.

BARKER asks RK if it hurts with a sadistic tone and then says "it's supposed too!".

While BARKER is still holding RK by the back of his neck, RK lets out a loud scream and BARKER tells RK, "I can make it hurt, I can make it hurt worse than this."  RK lets out a loud scream and BARKER says "It hurts? It hurts now?"

During the course of the next fifteen minutes RK is yelling with the other children on the bus.  BARKER returns to RK and grabs RK by the back of RK's neck with an open palm and squeezing RK's neck, causing RK to bend his head forward and strike the seat in front of him. RK lets out several more screams, crying "It hurts!"  RK is moaning and BARKER, tells him, "I said stop, didn't I say stop?"  BARKER is still holding on the back of RK's neck and questions RK: "why do you keep yelling, if I said stop."

BARKER then asks for RK's mother's phone number. RK tells BARKER he will never give BARKER his mother's number, BARKER sits down in the seat next to RK and then plants his right foot and pushes off with his left foot, pushing the weight of his entire body on top of RK.  RK screams again.  BARKER askes RK "Who do you think is stronger?"  When RK responds with "I am", BARKER pushes on RK harder.  RK is still screaming.

RK next pushes BARKER's arm trying to get out of the seat.  RK says "let me go, let me go."  BARKER responds by telling RK "I am going to make it hurt this time if you don't stop." Then BARKER adds, "I'm gonna to make you cry this time."  BARKER follows this statement by driving his elbow into RK's back which causes RK to yell, "Oh God, this hurts."  RK cries out several more times and BARKER asks RK if it hurts.  BARKER then grabs RK by his left arm and torso and presses his fist into RK's back.  RK repeatedly cries out: "Oh God that hurts". RK

begs BARKER to please stop.  BARKER tells RK to be quiet as BARKER begins to put more physical pressure on RK. As BARKER asks RK if it hurts, BARKER continuously presses and twists his fist into RK's back as RK screams in pain.

BARKER releases RK and sits next to him in the seat.  BARKER tells RK "Be quiet, don't talk or it's gonna get worse."  BARKER then rests his arm on RK's back. RK tries to move away.  BARKER then twists RK's side and RK screams.  BARKER squeezes RK's side for more than a minute telling him: "You try me, it's gonna hurt even worse, until we get there." and "Take it like a man, but you're not a man, you're a boy."

BARKER then continues to squeeze RK's side and tells him "You're gonna get this every time you get on the bus, every time you misbehave, that's what you're gonna get."  RK can be heard whimpering, "No, No!"

More than a minute later BARKER is still squeezing RK's side and again asks RK for his mother's phone number.  BARKER doesn't believe that RK is telling the truth and squeezes his side every time RK answers.  RK is twisting and turning and yelling from pain as BARKER continues to squeeze RK's side and tells him that he will go even deeper if RK doesn't tell him the truth.  BARKER then asks RK for his mother's name and he grabs RK's side and squeezes it until RK lets out a loud yell.  BARKER then escorts RK off the bus.  BARKER then says to another child in the front of the bus: "Do it again, I'll do the same thing to you that I did to RK".

 Throughout the entire time that the above colloquy happens between BARKER and RK, Burns can be seen driving the bus and doing nothing to stop the interaction.

28.     When BARKER is questioned by law enforcement about what happened on the bus with RK, he admitted that he handled RK aggressively.  BARKER told the investigator that he did not receive Personal Crisis Management (PCM) or VITAL training from the School Board.   During

the investigation, BARKER admitted to squeezing RK's neck.  BARKER said, "I am not going to lie, I did cause him pain."  BARKER admitted to putting pressure on RK's neck to prevent him from screaming.  BARKER admitted to leaning on top of RK with the force of his body.  BARKER acknowledged that he hurt RK and that there were red marks observed on RK's neck and back.

29.    On February 24, 2015, BARKER had a duty to correctly and properly supervise, control and discipline RK, given due consideration of RK's disabilities and/or IEP requirements.  However, as a result of not having attended the PCM or VITAL class, he had no knowledge or training on how to do this.

30.     On February 24, 2015 Burns also had a duty to not only follow the above referenced policies and procedures, but to ensure that any other employee on the bus did so as well. However, despite the actions of BAKER being viewable in the bus rearview mirror and the colloquy between RK and BAKER, Burns failed to stop the abuse in violation SBPBC policies and procedures.   Burns further continued to drive the bus while BARKER continued his outrageous behavior against RK.

31.    On February 24, 2015, BARKER breached the above duties by negligently failing to supervise, control, and/or discipline RK by the use of painful and overly aggressive disciplinary tactics that are not appropriate for a child with RK's disabilities as is reflected in RK's IEP.

32.    As a direct and proximate cause of BARKER's conduct, RK was forced to suffer bodily injury and resulting physical pain and suffering, mental anguish suffering and disability, loss of capacity for the enjoyment of life, and aggravation of his previously existing conditions.  The losses are permanent in nature and RK will suffer said losses in the future.

33.     RK's mother was never informed that RK would be put on a bus and supervised by a driver and/or aide with insufficient training to deal with RK's disabilities.  It was not until RK's mother complained about what it happened to her son that it was discovered that BARKER had never been provided sufficient training to deal with children with disabilities. Not only did SBPBC fail to train an aide assigned to a bus that transported children with disabilities, they never discovered such lack of training until BARKER was brought in as part of an investigation regarding his behavior.

34.     On February 24, 2015 RK'S MOM noticed that upon RK coming home that he was acting differently. He also appeared to have visual physical marks of having been abused. When she questioned RK on how the injuries occurred, he told her that a man on the school bus he was a passenger on had been threatening and hitting him.

35.     As if the actions of BARKER were not abhorrent enough, it appears that another incident occurred between RK and a school bus aide. On November 30, 2016 an additional act of abuse occurred while RK was being transported on a SBPBC school bus.  The nature and details of this additional act of abuse are not fully known to the Plaintiff as SBPBC has refused to release the video to her.

### COUNT I
### VIOLATION OF SECTION 504
### On Behalf of RK As Against SBPBC

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as if fully set forth herein, and further states:

36.     This is an action by Plaintiffs against SBPBC for violation of RK's rights under 29 U.S.C. §794.

37.      RK has disabilities as defined by Section 504, and is regarded by Defendants has having such disabilities.

38.      RK is otherwise qualified to participate in school activities including but not limited to being transported to another middle school for aftercare.

39.      The SBPBC receives financial federal assistance from the Federal Government for its programs.

40.      Under Section 504, a public school district has an affirmative duty to investigate the individual needs of a disabled child, determine the child's need for supplemental services, and provide those services in a way that enables the child to receive an educational benefit equal to the benefits received by other children in their school. *See U.S.C.* §794(b)(2)(B); 20 U.S.C. §7801(26).

41.      SBPBC discriminated against RK in violation of Section 504 by assigning him to a bus that would have otherwise been safe for its intended purposes but for BARKER being assigned as an aide. Additionally, Burns did not stop BARKER's actions.

42.      SBPBC's violation of Section 504 was a product of bad faith, gross misjudgment and/or intentional discrimination.  No child should ever be subjected to BARKER's behavior, especially a child with disabilities.

43.       As a direct and proximate result of SBPBC's actions as outlined above, RK was hurt, injured, and suffered damages.

44.       As a direct and proximate result of SBPBC's actions as outlined above, Plaintiff have been caused to higher the services of below signed attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, it is respectfully requested that this Court enter a declaration that RK's rights under the Rehabilitation Act were denied and that an injunction be issued barring SBPBC from assigning drivers or aides to any bus in which RK is riding; declare that RK is entitled to compensatory and special damages; attorneys' fees and related costs, and for all other relief the Court deems appropriate and proper.

**COUNT II**
**VIOLATION OF 14th AMENDMENT SUBSTANTIVE DUE PROCESS CLAUSE**
**42 U.S.C. § 1983**

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above, as if fully set forth herein, and further states:

45.        RK had a liberty interest in his bodily integrity that is protected under the Due Process Clause of the Fourteenth Amendment and BARKER'S actions against RK violate that right.  Additionally, SBPBC's failure to properly train or supervise BARKER and/or Burns is also a violation of RK's due process rights

46.        Defendant SBPBC failed, though action or inaction, to prevent substantive due process violations upon RK by acting with a deliberate indifference as to the training and supervision of their subordinates who interacted with RK in violation of RK's Constitutional rights.

47.         Defendant BARKER violated RK's rights under the aforementioned civil rights statute through the abhorrent behavior mentioned in preceding paragraphs.

48.        Burns violated RK's rights under the aforementioned civil rights statute by failing to control the behavior of BARKER

49.        As a direct and proximate result of such deprivation of freedom from restraint and liberty, RK suffered injuries and losses.

WHEREFORE, Plaintiff seeks judgment against both Defendants for damages, including attorney's fees and costs.

## COUNT III
### VIOLATION OR FAILURE TO PROVIDE A FREE AND APPROPRIATE PUBLIC EDUCATION BY THE FAILURE TO TRAIN OR SUPERVISE
### 42 U.S.C. §1983

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above, as if fully set forth herein, and further states:

50.        At all times relevant, SBPBC was acting under color of state law.

51.        At all times alleged herein, SBPBC deprived RK of his right to a free and appropriate public education under the IDEA by failing to properly supervise or train BARKER and/or Burns and failed to have policies and procedures that would have prevented BARKER from being assigned to the bus and/or Burns being assigned to drive the bus without appropriate training or instruction.

WHEREFORE, RK respectfully requests this Court enter judgment against SBPBC as to all available remedies pursuant to 42 U.S.C. §1983, including an award of general and special damages, punitive damages, declaratory relief that SBPBC's practices are violative of an RK's constitutional rights, and award reasonable attorneys' fees and costs.

## COUNT IV
### VIOLATION OF TITLE II OF AMERICANS WITH DISABILITY ACT
### 42 U.S.C. §12132

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above, as if fully set forth herein, and further states:

52.        RK is a "qualified person with a disability" within the meaning of Title II of the ADA with respect to the SBPBC's services, programs and activities given to RK as required under 42 U.S.C. §12132.

53.     RK is "otherwise qualified" for participation in aftercare programs and being transported to such.

54.     SBPBC has violated the Americans with Disabilities Act ("ADA") 42 U.S.C. §12132, by excluding RK from participation or denying the benefits of services, programs. or activities of the SBPBC by reason of his disability, or subjecting him to discrimination by reason of his disability.  Non-disabled children are not subjected to improperly trained drivers or aides that inflict punishment on those children in order to control them.

55.     SBPBC failed to provide RK with a safe bus and bus personnel properly trained to deal with RK's disabilities.

56.     As a direct and proximately result of violating the ADA, SBPBC caused RK to suffer the injuries and losses inflicted on him by BARKER, and caused RK to suffer a loss of rights guaranteed by the ADA.

57.    As the entity held accountable for actions of its employees, SBPBC as the employer of BARKER and Burns is liable for all of said injuries and losses suffered by RK

WHEREFORE, Plaintiff seeks judgment against SBPBC and prays for an award of all available remedies available pursuant to 42 U.S.C. §12132, et seq., as hereinafter set forth.

**COUNT V**
**INTENTIONAL INFLICTION OF EMOTION DISTRESS**

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above, as if fully set forth herein, and further states:

58.     The actions of BARKER offends generally accepted standards of decency or morality.

59.    As the direct and proximate result of such acts BARKER, RK suffered severe and serious emotional distress.

60.     BARKER acted with the intent and/or in reckless disregard of the consequences of their actions.

61.     BARKER knew or should have known that his conduct directed at RK would likely cause RK to suffer severe emotional distress.

62.     BARKER'S actions were knowingly orchestrated, or made with reckless disregard to deprive RK of his right to accommodations and services, and to be free for bodily harm.

63.     BARKER'S actions are outrageous and beyond the bounds of human decency and are regarded as atrocious and utterly intolerable in a civilized community.

64.     BARKER'S extreme and outrageous actions of subjecting RK to assault and battery on the school bus owned by SBPBC caused RK to suffer severe emotional distress.

65.     As a direct and proximate result of BARKER'S extreme and outrageous conduct as alleged, RK has suffered and continues to suffer severe emotional distress, pain and suffering, mental anguish, and a loss of enjoyment of life which will affect RK for the remainder of his life.

66.     BARKER is responsible for all of RK's injuries and losses, and SBPBC is liable for all of said injuries and losses under the doctrine of *respondeat superior.*

        WHEREFORE, Plaintiff seeks judgment for money damages against BARKER and SBPBC.

## COUNT VI
## NEGLIGENCE – BARKER & SBPBC

        Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above, as if fully set forth herein, and further states:

67.     On February 24, 2015, Defendant BARKER had a duty to correctly and properly supervise, control and discipline RK. However, as a result of not having attended the PCM or VITAL class, he had no knowledge or training on how to do this.

68.     On February 24, 2015, Defendant BARKER breached the above duties by negligently supervising, controlling, and disciplining RK by the use of painful and overly aggressive disciplinary tactics that are not appropriate for a child with RK's disabilities.

69.     SBPBC is liable for all of said injuries and losses under the doctrine of respondeat superior.

70.     As a direct and proximate cause of BARKER's negligence, RK was forced to suffer bodily injury and resulting physical pain and suffering, mental anguish suffering and disability, loss of capacity for the enjoyment of life, and aggravation of his previously existing conditions. The losses are permanent in nature and RK will suffer said losses in the future.

        WHEREFORE, Plaintiff demands judgment against Defendant BARKER and SBPBC for all damages and costs.

<u>**COUNT VII**</u>
**NEGLIGENT TRAINING AND SUPERVISING/ASSIGNMENT**
**OF BARKER and/or BURNS**

        Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above, as if fully set forth herein, and further states:

71.     At all times material hereto, Defendant SBPBC had a duty to exercise reasonable care in training, supervising and assigning BARKER and/or Burns.

72.     Defendant SBPBC breached the foregoing duties by:

    a.      Failing to properly train BARKER in techniques and protocols required for supervising, controlling, and/or disciplining children with disabilities.

b.      Failing to properly train Burns in regards to techniques and protocols required for supervising, controlling, and/or disciplining children with disabilities such that he would've recognized that what BARKER was doing was wrong and improper.

c.      Failing to properly train or supervise Burns, who failed to pull the bus over and stop BARKER from interacting improperly with RK. According to SBPBC policies and protocols, bus driver Burns is ultimately responsible for the actions of BARKER.

d.      Failing to properly assign BARKER to a position that he was actually trained or competent to do.

e.      Failing to properly assign Burns to a position he was actually trained or competent to do.

f.      Failing to discover that BARKER had not attended/taken the PCM and VITAL classes and thus, should not have been assigned as a bus aide on a bus with children with disabilities.

g.      Failing to discover that Burns had not been trained sufficiently so that he could control the behavior or actions of BARKER.

73.    As a direct and proximate cause of BARKER, Burns and SBPBC's conduct, RK was forced to suffer bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, suffering and disability, loss of capacity for the enjoyment of life, expense of medical care and treatment, and aggravation of his previously existing condition.  The losses are permanent in nature and RK will suffer said losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant SBPBC for all damages and costs.

**COUNT VIII**
**BATTERY**

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above, as if fully set forth herein, and further states:

74.       BARKER acted in such a way, intending to cause a harmful or offensive contact with RK, and/or to place RK in imminent apprehension that such contact would result.

75.       Furthermore, the offensive contact did directly, or indirectly, result from the behavior of BARKER.

76.       BARKER's conduct, performed in the course and scope of his job, was intentional, malicious and premeditated in nature.

77.       As a direct and proximate result of the above described actions of BARKER, RK suffered pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and the expense of psychological care and treatment. These losses are either permanent or continuing in nature and RK will suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against BARKER for all damages or injuries suffered by RK.

**COUNT IX**
**NEGLIGENCE AGAINST SBPBC**

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above, as if fully set forth herein, and further states:

78.     At all material times, SBPBC has a policy and/or procedure in which all employees are required to attend programs known as PCM and VITAL.  Especially those that interact or deal with children with disabilities.  On February 24, 2015, despite having been employed for

over a year, BARKER had never taken these classes. Thus, BARKER was untrained in dealing with stressful situations and particularly dealing with children with disabilities.

79.     At all material times, SBPBC had a policy and/or procedure in which bus drivers and bus aides assigned to buses containing children with disabilities would be provided a written list of the children on the bus and the nature of their disabilities. On February 24, 2015, SBPBC either did not provide the list to BARKER or, if SBPBC did provide the list to Burns, he did not pass it on or give it to BARKER.

80.     As a direct and proximate cause of the negligence of SBPBC, plaintiff has been damaged.

        WHEREFORE, Plaintiff demands judgment against SBPBC for damages, costs, and any further relief this court may deem just.

## COUNT X
## RESPONDEAT SUPERIOR – SBPBC

        Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above, as if fully set forth herein, and further states:

81.     Defendant SBPBC is responsible for the negligence of BARKER and/or Burns.

82.     As the employer of Defendant BARKER and/or Burns, SBPBC is responsible for damages caused by their negligence

83.     As a direct and proximate cause of BARKER and Burns negligence, RK was forced to suffer bodily injury and resulting physical pain and suffering, disability, disfigurement, mental anguish, suffering and disability, loss of capacity for the enjoyment of life, expense of medical care and treatment, and aggravation of his previously existing condition.  The losses are permanent in nature and RK will suffer said losses in the future.

        WHEREFORE, Plaintiff demands judgment against SBPBC for all money damages available to the Plaintiff.

## COUNT XI
## LOSS OF CONSORTIUM - RK'S MOM

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above, as if fully set forth herein, and further states:

84.     As a direct and proximate result of the aforementioned violating acts and omissions of both Defendants, RK'S MOM has been deprived of the care, comfort, society, services and consortium of her son, RK, and will incur these losses in the future.

85.     Additionally, as a result of the behavior of both Defendants, RK'S MOM has incurred expenses and lost wages as a result of having to care for her son and/or drive him to various activities.  The transportation should have been supplied by SBPBC.

86.     Both Defendants are directly liable and individually liable for all of said injuries and losses.

WHEREFORE, Plaintiff RK'S MOM demands judgment against BARKER and SBPBC's jointly and severally, for the traditional loss of services and earnings, as at common law, the loss of companionship, society, love, affection, and solace resulting from the injury to RK, in addition to the mental pain and suffering she has incurred as a result of the abuse of her son.

## COUNT XII
## VIOLATION OF THE FLORIDA BILL OF RIGHTS OF PERSONS WITH DEVELOPMENTAL DISABILITIES

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above, as if fully set forth herein, and further states:

87.     The Florida Bill of Rights of Persons with Developmental Disabilities (Florida statute 393.13(3)(a)) provides that: persons with developmental disabilities shall have a right to dignity, privacy, and humane care, including the right to be free from abuse, including sexual abuse, neglect, and exploitation.

88.     The Florida Bill of Rights of Persons with Developmental Disabilities (Florida statute 393.13(3)(g)) provides that: "persons with developmental disabilities shall have a right to be free from harm, including unnecessary physical, chemical, or mechanical restraint, isolation, excessive medication, abuse, or neglect".

89.     The Florida Bill of Rights of Persons with Developmental Disabilities (Florida statute 393.13(3)(i)) provides that: "No otherwise qualified person shall, by reason of having a developmental disability, be excluded from participation in, or be denied the benefits of, or be the subject to discrimination under, any program or activity which receives public funds, and all prohibitions set forth under any other statute shall be actionable under this statute".

90.     The Florida Bill of Rights of Persons with Developmental Disabilities (Florida statute 393.13(5)) provides that: "Any person who violates or abuses any rights or privileges of persons with developmental disabilities provided by this chapter is liable for damages as determined by law".  Additionally, "However, this section does not relieve any person from liability if the person is guilty of negligence, misfeasance, nonfeasance, or malfeasance.

91.     BARKER violated the aforementioned sections of the Florida Bill of Rights of Persons with Developmental Disabilities by hitting, threatening, and otherwise abusing RK.  Additionally, BARKER and Burns are guilty of negligence, misfeasance, nonfeasance, or malfeasance.

92.     As a direct and proximate result of the actions of BARKER and Burns, Plaintiffs have been damaged.

93.     As the employer of BARKER and Burns, SBPBC is responsible for the negligence, misfeasance, nonfeasance, or malfeasance of both BARKER and Burns.  Therefore, under the doctrine of respondeat superior, SBPBC is responsible for all damages caused by their behavior.

WHEREFORE, Plaintiffs demand judgment for damages against SBPBC and BARKER for violation of the Florida Bill of Rights of Persons with Development Disabilities.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which there is a right to a jury trial.

## RELIEF REQUESTED

1.      A declaration that both Defendants have violated RK's rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and IDEA (§ 1983), Plaintiffs' rights under Section 504 of the Rehabilitation Act of 1973, and the anti-discrimination provisions of the ADA.

2.      Declare that both Defendants have deprived RK of his liberty without due process of law;

3.      Declare that both Defendants have wrongfully and deliberately inflicted serious physical and emotional harm on RK;

4.      Grant RK an award of compensatory and special damages against both Defendants, jointly and severally, in a sum sufficient to compensate RK for his injuries and losses;

5.      Grant RK'S MOM an award of compensatory and special damages against both Defendants, jointly and severally, in a sum sufficient to compensate them her for her damages;

6.      Grant RK an award of punitive damages against BARKER;

7.      Grant RK an award of experts fees, attorneys' fees and costs against both Defendants, jointly and severally, as provided by 29 §794a(b), 42 U.S.C. §12204(c), 42

U.S.C. §1988(b) and (c), Fla. Stat. 760.11(7), Title VII of the Civil Rights Act of 1964, and other federal and state statues; and

8.     An award of such other further and additional legal and equitable relief as the Court deems just and proper.

Dated: October 17, 2017

Respectfully submitted,

**KAPLAN & SCONZO, P.A.**
PGA Financial Plaza
3399 PGA Boulevard, Suite 150
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900
Facsimile:  (561) 296-7919

By:     **/s/ Joseph R. Fields, Jr.**
JOSEPH R. FIELDS, JR., ESQUIRE
Florida Bar No.: 0654698
Email: jfields@kspalaw.com
Secondary Email: sring@kspalaw.com

**THE LAW OFFICE OF ELIZABETH PARKER, P.A.**
515 N. Flagler Drive, Suite 325
West Palm Beach, FL 33401
Email: elizabeth@parkerjustice.com
Telephone: (561) 366-0001

By**: /s/ Elizabeth L. Parker**
Florida Bar No: 154059